**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| MICHAELA HOLLEN, individually and on behalf of all others similarly situated, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:25-cv-164 |
| SAPPHIRE PERSONAL HOME SERVICE AGENCY LLC, | ) |
| Defendant. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Michaela Hollen ("Hollen"), individually and on behalf of all others similarly situated, by and through her attorneys Macey Swanson Hicks & Sauer, hereby brings this Collective Action and Class Action Complaint against Defendant Sapphire Personal Home Service Agency LLC ("Sapphire Personal Home Service") and states as follows:

**INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Hollen individually and on behalf of all similarly situated persons employed by Defendant Sapphire Personal Home Service, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

2. This is also a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable case law by Hollen individually and on behalf of all similarly situated persons who are employed by Sapphire Personal Home Service or who resigned employment from Sapphire Personal Home Service within the past two years and had wages improperly withheld from them in violation of the Indiana Wage Payment Statute, Indiana Code § 22-2-5-1, et seq.

3. Sapphire Personal Home Service provides in-home care to seniors and individuals with special needs including, but not limited to, home health care, hospice care, personal care, and personal services.

4. At all relevant times, Sapphire Personal Home Service served as an employer of Hollen and the members of the putative collective and the putative class.

5. Hollen and other members of the putative collective are or were employed by Sapphire Personal Home Service as home health caregivers.

6. Hollen and other members of the putative class are employed by Sapphire Personal Home Service as home health caregivers or were employed by Sapphire Personal Home Service within the past two years before they resigned their employment.

7. Sapphire Personal Home Service failed to pay Hollen and other employees at a minimum wage of $7.25 per hour in their regular workweeks.

8. Sapphire Personal Home Service failed to pay Hollen and other non-exempt employees at a rate of not less than one and one-half (1.5) times their regular rates of pay for hours they worked in excess of forty (40) hours in a workweek.

9. Hollen seeks unpaid minimum wages and/or overtime wages, liquidated damages, attorney's fees and costs pursuant to the FLSA on behalf of herself and the proposed FLSA collective ("Collective"), defined as: All current and former home health caregivers who worked for Sapphire Personal Home Service at any time within the three years preceding the commencement of this action and the date of judgment. See 29 U.S.C. §§ 207(a)(1); 216(b).

10. Sapphire Personal Home Service also improperly withheld wages from and/or improperly deducted wages without employee consent or authorization from Hollen and other employees in violation of the Indiana Wage Payment Statute, Indiana Code § 22-2-5-1, et seq.

11. Hollen seeks unpaid wages and/or improperly deducted wages and all other available relief, including but not limited to, liquidated damages, attorney's fees and costs pursuant to Rule 23 of the Federal Rules of Civil Procedure and relevant case authority, on behalf of herself and the proposed class ("Class"), defined as: All current home health caregivers and all former home health caregivers who resigned from or voluntarily left their employment with Sapphire Personal Home Service within the two years preceding the commencement of this action and the date of judgment.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Hollen's FLSA claims pursuant to 28 U.S.C. § 1331 because her claims raise a federal question under 29 U.S.C. § 201, et seq.

13. This Court has supplemental jurisdiction over Hollen's Indiana Wage Payment Statute claims pursuant to 28 U.S.C. § 1367 because they are so related to her FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution and related case law.

14. The Court has personal jurisdiction over Defendant because it has systematic and continuous contacts with the State of Indiana, and the claims of Hollen arise out of those contacts.

15. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims of Hollen occurred in this District.

## PARTIES

16. Hollen is a resident of Washington County Indiana, and she was employed by Defendant at all relevant times.

17. Hollen signed a consent form to join this lawsuit. See Exhibit 1.

18. Sapphire Personal Home Service's principal office address is 400 S. High Street, Salem, Indiana 47167.

19. Sapphire Personal Home Service's registered agent for service in Indiana is Wendy A. Howard, 400 S. High Street, Salem, Indiana 47167.

## FACTUAL ALLEGATIONS

20. Sapphire Personal Home Service provides in-home care to seniors and individuals with special needs including, but not limited to, home health care, hospice care, personal care, and personal services.

21. On or around April 8, 2025, Sapphire Personal Home Service began employing Hollen as a home health caregiver.

22. As a home health caregiver, Hollen serviced clients of Sapphire Personal Home Service by helping them with their basic needs, including but not limited to, assisting them with their basic daily living activities and needs, driving them to medical appointments and assisting with grocery needs.

23. During Hollen's employment, Sapphire Personal Home Service began deducting wages from employees' weekly paychecks without the employees' consent or authorization.

24. Hollen's paychecks include deductions that were described by Sapphire Personal Home Service as miscellaneous or "misc. deductions."

25. During Hollen's employment, Sapphire Personal Home Service advised Hollen and other employees in writing that wages were being deducted from their paychecks for "missed punches."

26. “Missed punches” were attributed to employees and their paychecks when Sapphire Personal Home Service contended that employees did not properly log the work that they had performed and the time they spent performing that work in the correct computer system.

27. During Hollen’s employment, Sapphire Personal Home Service advised Hollen and other employees in writing that they would be evaluated every three weeks to determine if their “loss of pay” for the wages deducted from their paychecks could be removed.

28. Hollen never authorized Sapphire Personal Home Service to deduct any wages from her paychecks for any reason, including, but not limited to, miscellaneous deductions or deductions for missed punches.

29. Hollen also never assigned any of her wages to Sapphire Personal Home Service for any reason, including, but not limited to, miscellaneous deductions or deductions for “missed punches.”

30. As a result of the unauthorized and improper wage deductions, Hollen’s wages were substantially reduced.

31. As a result of the unauthorized and improper wage deductions, there were weeks when Hollen made less than the federal and Indiana minimum wage of $7.25 per hour for the hours that she worked.

32. As a result of the unauthorized and improper deductions to Hollen’s pay, there was at least one week in which Sapphire Personal Home Service paid Hollen zero dollars ($0.00) for the hours that she worked in that week.

33. At all relevant times, Sapphire Personal Home Service controlled non-exempt employees' work schedules, duties, protocols, applications, assignments, and employment conditions.

34. Sapphire Personal Home Service knowingly suffered and permitted non-exempt employees including Hollen to work for it without paying them a minimum wage of $7.25 per hour.

35. Sapphire Personal Home Service also knowingly suffered and permitted non-exempt employees including Hollen to work more than forty (40) hours in a regular workweek without paying those employees overtime at one and one-half (1.5) times their regular rates of pay.

36. At all relevant times, Sapphire Personal Home Service controlled non-exempt employees' work schedules, duties, protocols, applications, assignments, and employment conditions.

37. Defendant has policies that require work for which non-exempt employees are not properly paid a minimum wage of $7.25 per hour.

38. Defendant also has policies that require work for which non-exempt employees are not properly paid overtime.

39. The work that Hollen and other similarly situated employees performed for Sapphire Personal Home Service is compensable under the FLSA because it was required by and benefited Defendant, and because it was integral and indispensable to employees' work duties.

40. In weeks during the last three (3) years, Sapphire Personal Home Service failed to pay Hollen and other similarly situated employees a minimum wage of $7.25 per hour for hours that they worked.

41. In weeks during the last three (3) years, Sapphire Personal Home Service failed to pay Hollen and other similarly situated employees overtime at a rate of one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks.

42. After Hollen advised Sapphire Personal Home Service that she had retained an attorney in connection with the unauthorized and improper deductions from her paychecks, Sapphire Personal Home Service withheld Hollen's last week of earnings from Hollen and advised her that she could obtain those wages through Hollen's attorney.

43. During her employment with Sapphire Personal Home Service, it never evaluated Hollen to determine if her "loss of pay" could be removed.

44. Sapphire Personal Home Service knew and/or recklessly disregarded that Hollen and other similarly situated employees were not being paid a minimum wage of $7.25 per hour.

45. Sapphire Personal Home Service knew and/or recklessly disregarded that Hollen and other similarly situated employees were not being paid overtime at a rate of one and one-half (1.5) times their regular rates of pay even though these employees worked in excess of forty (40) hours during their regular workweeks and were non-exempt.

46. Sapphire Personal Home Service deducted wages from the paychecks of Hollen and other similarly situated employees even though those employees did not, in writing or otherwise, assign those wages to Sapphire Personal Home Service or authorize Sapphire Personal Home Service to deduct those wages from their paychecks.

47. Sapphire Personal Home Service has withheld wages from current employees and employees who resigned their employment that these employees earned more than ten (10) business days ago.

## COLLECTIVE ACTION ALLEGATIONS

48. Hollen brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on her own behalf and on behalf of the proposed FLSA Collective, defined as:

> All current and former home health caregivers who worked for Sapphire Personal Home Service at any time within the three years preceding the commencement of this action and the date of judgment.

Hollen reserves the right to amend this definition as necessary.

49. Excluded from the proposed Collective are Defendant's exempt executives, administrative and professional employees, including computer professionals and outside salespeople.

50. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Hollen under 29 U.S.C. § 216(b). The proposed Collective of employees on behalf of whom Hollen brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

51. The employment relationships between Defendant and every Collective member are the same and differ only in name, assignment, and rate of pay. In addition to these common issues of fact, the proposed Collective possesses several common issues of fact and law, including, but not limited to: (1) whether Defendant violated the FLSA and provisions thereof; and (2) if so, what is the respective amount of uncompensated overtime pay, minimum wages and other recoverable damages owed to each employee.

## CLASS ACTION ALLEGATIONS

52. Hollen brings this Indiana Wage Payment Statute action under Indiana Code § 22-2-5-1, et seq. as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and relevant case authority, on behalf of herself and the proposed class ("Class"), defined as: All current home health caregivers and all former home health caregivers who resigned from or voluntarily left their employment with Sapphire Personal Home Service within the two years preceding the commencement of this action and the date of judgment. Hollen reserves the right to amend this definition as necessary.

53. The Class is so numerous that joinder of all members is impracticable.

54. There are common issues of fact among the class, including, but not limited to, their status as current employees of Sapphire Personal Home Service or employees who resigned from or voluntarily left their employment with Sapphire Personal Home Service within the past two years.

55. In addition to those common issues of fact, the proposed Class possesses several common issues of fact and law, including, but not limited to: (1) whether Defendant violated the Indiana Wage Payment Statute and provisions thereof; and (2) if so, what is the respective amount of uncompensated wages and other recoverable damages owed to each employee. As such, the claims of the representative parties are typical of the claims of the Class.

56. Hollen will fairly and adequately represent the interests of the Class.

## COUNT I-

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. BY SAPPHIRE PERSONAL HOME SERVICE– FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 206

**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**

57. All preceding paragraphs are incorporated herein by reference.

58. At all times relevant to this action, Sapphire Personal Home Service was an enterprise with annual gross volume of sales made or business done that exceeded $500,000.

59. At all times relevant to this action, Sapphire Personal Home Service was an enterprise with employees engaged in commerce.

60. Hollen and the proposed FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

61. At all times relevant to this action, Sapphire Personal Home Service has been an employer of Hollen and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA that is subject to the provisions of 29 U.S.C. §§ 201, et seq.

62. At all times relevant to this action, Sapphire Personal Home Service "suffered or permitted" Hollen and other similarly situated employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

63. At all times relevant to this action, Sapphire Personal Home Service suffered and permitted Hollen and other similarly situated employees to work for it but failed to pay these employees the federally mandated minimum wage of $7.25 per hour.

64. The uncompensated work performed by Hollen and members of the proposed Collective was an essential part of their jobs and these activities, and the time employees spent performing these activities is not *de minimis.*

65. In workweeks when Hollen and other members and other similarly situated employees were not paid the federally mandated minimum wage of $7.25 per hour, they should be paid for all hours in which they were not paid the federally mandated minimum wage of $7.25 per hour.

66. Defendant's violations of the FLSA were knowing, willful and not in good faith. Defendant knew that Hollen and members of the proposed Collective should have received the federally mandated rate of $7.25 per hour or, alternatively, acted with reckless disregard in not properly paying Hollen and these employees the federally mandated rate of $7.25 per hour.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees.

**COUNT 2-**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq.**
**BY SAPPHIRE PERSONAL HOME SERVICE–**
**FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207**

**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**

68. Hollen and other similarly situated employees regularly worked for Sapphire Personal Home Service in excess of forty (40) hours in a workweek.

69. At all times relevant to this action, Sapphire Personal Home Service suffered and permitted Hollen and other similarly situated employees to work for it in excess of forty (40) hours in many workweeks but failed to pay these employees the federally mandated overtime compensation for such time.

70. The uncompensated overtime work performed by Hollen and members of the proposed Collective was an essential part of their jobs and these activities, and the time employees spent performing these activities is not *de minimis.*

71. In workweeks when Hollen and other members and other similarly situated employees worked in excess of forty (40) hours, they should have been paid at the federally

mandated rate of one and one-half (1.5) times each employee's regular hourly wage. 29 U.S.C. § 207.

72. Defendant's violations of the FLSA were knowing, willful and not in good faith. Defendant knew that Hollen and similarly situated employees were entitled to receive overtime pay at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage when they worked excess of 40 hours in a workweek or, alternatively, acted with reckless disregard in not properly paying that overtime to said employees.

73. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees.

**COUNT 3-**

**VIOLATION OF THE INDIANA WAGE ASSIGNMENT STATUTE**
**BY SAPPHIRE PERSONAL HOME SERVICE–**
**FAILURE TO PAY WAGES IN VIOLATION OF IND. CODE § 22-2-5- 1, et seq.**

**(Brought Individually and on a Class Basis Pursuant to Rule 23 of the Federal Rules of Procedure and applicable case law)**

74. All preceding paragraphs are incorporated herein by reference.

75. At all times relevant to this action, Sapphire Personal Home Service was an Indiana employer subject to the Indiana Wage Payment Statute, Indiana Code § 22-2-5-1, et seq., and the Indiana Wage Assignment Statute, Indiana Code § 22-6-2-1, et seq.

76. At all times relevant to this action, Sapphire Personal Home Service has been an employer of Hollen and other similarly situated employees who are members of the proposed Class.

77. Sapphire Personal Home Service improperly withheld wages from and/or deducted wages from the paychecks of Hollen and other similarly situated employees who are members of the proposed Class without obtaining their written, revocable consent to deduct such wages.

78. Sapphire Personal Home Service has failed to pay Hollen and other similarly situated employees who are members of the proposed Class wages that they earned more than ten (10) business days ago.

79. Sapphire Personal Home Service's failure to pay Hollen and other similarly situated employees who are members of the proposed Class wages that they earned more than ten (10) business days ago was willful and not in good faith.

80. By failing to pay Hollen and other similarly situated employees who are members of the proposed Class their owed wages, Sapphire Personal Home Service has violated the Indiana Wage Payment Statute. Indiana Code § 22-2-5-1; Indiana Code § 22-2-5-2.

81. For such violations of the Indiana Wage Payment Statute, Hollen and other similarly situated employees who are members of the proposed Class are entitled to unpaid pay, an equal amount in liquidated damages, pre-judgment interest, and attorney's fees and costs. Indiana Code § 22-2-5-1; Indiana Code § 22-2-5-2.

## PRAYER FOR RELIEF

WHEREFORE, Hollen seeks the following relief:

A. Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims and proposed FLSA Collective set forth herein;

B. Certification of this case as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure and applicable case law with respect to Indiana Wage Payment Statute claims and proposed Indiana Wage Payment Statute Class set forth herein;

C. An Order requiring Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective and/or Class members and permitting Hollen to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective/Class members of their rights by law to join and participate in this lawsuit;

D. Designation of Hollen as representative for the FLSA Collective and the undersigned as counsel for the FLSA Collective;

E. Designation of Hollen as representative for the Indiana Wage Payment Statute Class and the undersigned as counsel for the FLSA Collective;

F. Declaration that the Defendant violated the FLSA;

G. Declaration that the Defendant's violations of the FLSA were willful;

H. Declaration that the Defendant violated the Indiana Wage Payment Statute;

I. Declaration that the Defendant's violations of the Indiana Wage Payment Statute were willful and not in good faith;

J. Judgment in favor of Hollen, the FLSA Collective and the Indiana Wage Payment Statute Class and an award to Hollen and the Collective/Class members of the full amount of damages and liquidated damages available by law;

K. Litigation costs, expenses, and attorney's fees;

L. Incentive awards to Hollen for serving as the representative of the FLSA Collective and the Indiana Wage Payment Statute Class.

M. All other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff Hollen, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: 8/15/25

Respectfully submitted,

/s/ Robert A. Hicks

Robert A. Hicks, Attorney No. 25310-49

Macey Swanson Hicks & Sauer
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
Email: rhicks@maceylaw.com

Attorney for Plaintiff